UNITED STATES DISTRICT COURT **06   6150**
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X

JARED WILLIAMS,

               **Plaintiff,**               **COMPLAINT**

        -against-

CITY OF NEW YORK and NEW YORK CITY POLICE
OFFICER MICHAEL DARAGJATI,

               **Defendants.**
-------------------------------------------X

    Plaintiff, JARED WILLIAMS, by his attorney, DUANE C. FELTON,
complaining of the Defendants, respectfully shows and alleges as
follows:

    FIRST:         This action is brought pursuant to 42 U.S.C. §
1983 and § 1988. Jurisdiction is founded upon 28 U.S.C. § 1331 and
§ 1334. Plaintiff further invokes the pendent jurisdiction of this
Court to hear and decide claims arising under state law.

    SECOND:       That at all times mentioned herein, the
Plaintiff, JARED WILLIAMS, was a resident of the County of
Richmond, City and State of New York.

    THIRD:         That at all times hereinafter mentioned, the
Defendant, CITY OF NEW YORK, was and still is a municipal
corporation duly organized and existing under the laws of the State
of New York.

    FOURTH:       That at all times hereinafter mentioned, the
Defendant, CITY OF NEW YORK, was and still is a municipal

corporation doing business in the State of New York.

FIFTH:          Upon information and belief, at all times relevant to this complaint, the individual Defendant, NEW YORK CITY POLICE OFFICER MICHAEL DARAGJATI, (hereafter described as "P.O. MICHAEL DARAGJATI", was and still is a New York City police officer employed by the Defendant, CITY OF NEW YORK.

SIXTH:          That upon information and belief and at all times hereinafter mentioned, the individual Defendant was acting within the course of his employment and/or official policy, practice, custom or usage of the Defendant, CITY OF NEW YORK, and under color of state law, that is, under color of the Constitution, statutes, laws, ordinances, rules, regulations customs and usages of the United States, City and State of New York.

SEVENTH:        That the Plaintiff sues the Individual Defendant in his individual and official capacities.

EIGHTH:         That 42 U.S.C. § 1983 provides that every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected any citizen of the United states or other person within the jurisdiction thereof the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

redress.

NINTH: That on or about October 6, 2005, the Plaintiff was lawfully present at Castleton Avenue and Clove Road, Staten Island, New York, located in the County of Richmond, City and State of New York.

TENTH:   That on or about October 6, 2005, while the Plaintiff was lawfully present at the aforementioned location, the individual Defendant, P.O. MICHAEL DARAGJATI, without consent, permission, authority nor probable cause, unlawfully, physically seized, detained, imprisoned, handcuffed, frisked and arrested the Plaintiff.

ELEVENTH: That no illegal item(s) or contraband were found on the Plaintiff's body or person.

TWELFTH: That on or about October 6, 2005, the individual Defendant, P.O. MICHAEL DARAGJATI, caused the Plaintiff to be arrested and charged with violations of the New York Penal Law.

THIRTEENTH:   That subsequently, on September 20, 2006, all criminal charges against the Plaintiff were dismissed in Richmond Criminal Court.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS

FOURTEENTH:   That the Plaintiff repeats and realleges the

allegations contained in paragraphs "FIRST" through "THIRTEENTH" of the complaint with the same force and effect as if fully set forth herein.

FIFTEENTH:    That   upon   information   and   belief,   the Defendant's illegal and unlawful search, arrest, detainment, and imprisonment   of   the   Plaintiff's   body/person,   was   illegal, unreasonable, reckless, without a warrant nor probable cause, and was a violation and deprivation of the Constitutional rights of the Plaintiff as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

SIXTEENTH:    That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

SEVENTEENTH:    That the acts of the individual defendant as described herein were intentional, wanton, malicious, oppressive, negligent,   grossly   negligent   and/or   reckless,   thus   entitling Plaintiff to an additional award of punitive damages against the said Individual Defendants in their individual capacities.

EIGHTEENTH:    That the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and § 1988.

4

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS

NINETEENTH:          That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "THIRTEENTH" of the complaint with the same force and effect as if fully set forth herein.

TWENTIETH:          That the individual Defendant, acting in his or her individual capacities and under color of law, having conspired with others, reached a mutual understanding and intentionally acted to undertake a course of conduct that violated Plaintiff's civil rights, in violation and deprivation of the Constitutional rights of the Plaintiff as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

TWENTY-FIRST:          That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

TWENTY-SECOND:          That the acts of the Individual Defendant as described herein were intentional, wanton, malicious, oppressive, negligent, grossly negligent and/or reckless, thus entitling Plaintiff to an additional award of punitive damages against the said Individual Defendant in his/her individual capacities.

5

**TWENTY-THIRD:**        That the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1983 and § 1988.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-FOURTH:**        That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "THIRTEENTH" of the complaint with the same force and effect as if fully set forth herein.

**TWENTY-FIFTH:** That the aforesaid actions of the individual Defendant constitute intentional infliction of emotional distress on the Plaintiff under the laws of the City, State of New York.

**TWENTY-SIXTH:** That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages and severe emotional distress.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS

**TWENTY-SEVENTH:**        That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "THIRTEENTH" of the complaint with the same force and effect as if fully set forth herein.

**TWENTY-EIGHTH:**        That the individual Defendant was negligent, careless, reckless, and/or grossly negligent in the performance of his or her police duties in, searching, arresting,

6

and imprisoning the Plaintiff.

TWENTY-NINTH:  That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages.

THIRTIETH: That the Defendant is liable to the Plaintiff under the laws of the City and State of New York.

AS AND FOR A FIRST CAUSE OF ACTION<br>AGAINST THE CITY OF NEW YORK

THIRTY-FIRST:    That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "THIRTEENTH" of the complaint with the same force and effect as if fully set forth herein.

THIRTY-SECOND:    That as the employer of the individual Defendant at the times of his or her negligent conduct as set forth herein, the Defendant, CITY OF NEW YORK, is liable to the Plaintiff under the laws of the State of New York.

THIRTY-THIRD:    That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered general and pecuniary damages.

AS AND FOR A SECOND CAUSE OF ACTION<br>AGAINST THE CITY OF NEW YORK

THIRTY-FOURTH: That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "THIRTEENTH" of

7

the complaint with the same force and effect as if fully set forth herein.

THIRTY-FIFTH:  That the Defendant, CITY OF NEW YORK, was negligent in the hiring, supervision, training, and instruction of the individual Defendant.

THIRTY-SIXTH:  That as a direct and proximate result of the deliberate indifference, carelessness, and or recklessness of the Defendant, CITY OF NEW YORK, toward the proper training and supervision of its police officers/employees, the Plaintiff has been deprived of his rights under the Fourth and Fourteenth Amendments of the United States Constitution, Sections § 1983 and § 1988 of Title 42 of the United States Code, and under the laws of the City, and State of New York.

THIRTY-SEVENTH:     That as a proximate result of the aforesaid acts and omissions by the Defendants, the Plaintiff has suffered both general and pecuniary damages.

THIRTY-EIGHTH: A jury trial of all issues is demanded.

WHEREFORE, Plaintiff requests judgment against Defendants, P.O. MICHAEL DARAGJATI, and Defendant, CITY OF NEW YORK, as follows:

1.  As against the individual Defendant, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First, Second, Third, and Fourth causes of

action,

    2.    As against the individual Defendant, punitive damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First and Second causes of action, and

    3.    As against Defendant, CITY OF NEW YORK, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First and Second causes of action asserted against it, and

    4.    Reasonable attorney's fees, pursuant to 42 U.S.C.A § 1988,

    5.    the costs of this action,

    6.    and such other and further relief as may be just and proper.

Dated:    November 3, 2006
            Staten Island, NY

DUANE C. FELTON
*Attorney for Plaintiff*
805 Castleton Avenue
Staten Island, NY 10310

9